**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-03636-CMA-SKC

POPSOCKETS LLC,

      Plaintiff,

v.

Y.E.F. TRADING INC,
ELI FRIEDMAN, and
JOHN DOES 1-10, individually or as corporate/business entities,

      Defendants.

---

### ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION

---

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. #13). For the reasons below, the Court grants the Motion, enters default judgment in Plaintiff's favor, and grants Plaintiff's request for a permanent injunction.

## I.  <u>BACKGROUND</u>

Plaintiff, PopSockets LLC ("Plaintiff" or "PopSockets"), is a Colorado company that "develops, manufactures, markets, and sells . . . mobile-device accessories under the POPSOCKETS brand." (Doc. # 1, ¶ 13). Plaintiff sells its products "exclusively through its own website and through a network of Authorized Distributors, Authorized Retailers . . . and Authorized Resellers." (Doc. # 1, ¶ 14). Plaintiff "has registered numerous trademarks with the United States patent and Trademark Office." (*Id.* at ¶ 9.)

Defendant Y.E.F. Trading, Inc. ("YEF") is a New York corporation that operates an Amazon.com storefront called "The Savings Center." (Doc. # 1, ¶ 2). Defendant Eli Friedman is the principal of YEF and "operates or assists in the operation of 'The Savings Center' on Amazon." (Doc. # 1, ¶ 3). "Neither YEF Trading nor Friedman are Authroized Sellers of PopSockets products." (Doc. # 1, ¶ 151).

Plaintiff now alleges that Defendants sold "a high volume of products bearing the PopSockets Trademarks" without Plaintiff's authorization. (Doc. # 1, ¶ 150). Plaintiff contends that many of the products Defendants have sold are of poor quality, and that these sales have damaged the PopSockets brand. (Doc. # 1, ¶¶ 156, 212). Plaintiff is suing Defendants for trademark infringement, unfair competition, false advertising, deceptive trade practices, and tortious interference with contract and business relations. (Doc. # 1).

Plaintiff filed its Complaint in December 2019, and Plaintiff effected service on January 10, 2020. (Docs. ## 9-10). Defendants failed to respond, and Plaintiff now seeks a final order of default judgment against Defendants Y.E.F. Training Inc. and Eli Friedman. (Doc. # 13).

## II.    STANDARD OF DECISION

A court must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted). "The Court

also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019). However, it "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)). The party seeking default judgment "must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *PHL Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB) (ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07CV5150 (SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

## III.   <u>ANALYSIS</u>

Following a clerk's entry of default, courts follow two steps before granting default judgment. First, the court must ensure it has subject-matter and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against defendant over whom court has no personal jurisdiction is void). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may

be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

Second, courts must consider whether the well-pleaded allegations of fact – which are admitted by a defendant upon default – support a judgment on the claims against the defaulting defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (plaintiff in a default action did not need to prove complaint's factual allegations; however, judgment must be supported by a sufficient basis in the pleadings).

A.    **JURISDICTION**

1.    Subject-Matter Jurisdiction

The Court has federal-question jurisdiction over the instant case under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law. (Doc. # 1, ¶¶ 219-74). Plaintiff's remaining claims form part of the same case or controversy as its federal-law claims. (Doc. # 1, ¶¶ 275-360). Therefore, this Court has subject-matter jurisdiction over this action. 28 U.S.C. § 1367(a).

2.    Personal Jurisdiction

The Court also has personal jurisdiction over Defendants. To demonstrate specific personal jurisdiction that is consistent with due process, the plaintiff must show that (1) the defendant purposefully directed its activities at residents of the forum jurisdiction; and (2) the plaintiff's alleged injuries that "arise out of or relate to" those

activities. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). In cases like this one, involving internet-based sales, courts in the District of Colorado have held that "a defendant's use of a website to conduct business in the forum state, such as having a website that a customer in the forum state can access and on which the customer can purchase the alleged infringing product, provides a basis for a court's exercise of personal jurisdiction." *Otter Prods., LLC v. Phone Rehab*, LLC, 19-cv-00206-RM-MEH, 2019 WL 4736462, at *4 (D. Colo. Sept. 27, 2019) (collecting authorities); *Otter Prods., LLC v. Big Birds, LLC*, No. 19-cv-00626-DME-KLM, Doc. # 39 at 2–3 & n.2 (D. Colo. Aug 9, 2019); *see also Cornice Techs., Inc. v. Affinity Dental Prods.*, No. 04-cv-01133-EWN-OES, 2005 WL 1712124, at *5 (D. Colo. July 21, 2005).

Plaintiff alleges that Defendants purposefully directed activity at the state of Colorado by selling products bearing Plaintiff's trademarks to Colorado residents over the internet. (Doc. # 1, ¶ 150). Plaintiff asserts that Defendant regularly sells a "high volume" of such products to Colorado consumers through a "highly interactive" Amazon storefront. (Doc. # 1 at ¶¶ 149, 183). Accepting Plaintiff's factual allegations as true, Plaintiff has shown "that Defendant [has] purposely directed activity in Colorado, and that [Plaintiff's] claims arise from that activity." *Big Birds, LLC*, Case No. 19-cv-00626-DME-KLM, Doc. # 39 at 3 (citing *Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 4334074, at *5 (D. Colo. Mar. 28, 2017) (holding that defendant's offers to sell to ten Colorado residents software that infringed plaintiff's copyright sufficed to create minimum contacts with Colorado); *Leach v. Pharmedoc Inc.*,

No. CIV-16-1034-M, 2017 WL 943959, at *2 (W.D. Okla. Mar. 9, 2017) (holding sale of at least four patent-infringing pillows to Oklahoma residents sufficed to establish minimum contacts with that state)). Therefore, this Court has personal jurisdiction over Defendants.

**B.    FAILURE TO DEFEND**

      1.    <u>Defendant's Default</u>

It is clear from the record that Defendant has defaulted. Plaintiff served Defendant on January 10, 2020. (Docs. ## 9, 10). Defendant was required to answer or otherwise respond to the Complaint on or before January 31, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant failed to respond to the Complaint, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered a certificate of default against Defendant on June 5, 2020. (Doc. # 12).

      2.    <u>Liability</u>

            i.    *Claims 1, 2, 4, and 5 – Trademark Infringement and Unfair Competition*

Four of Plaintiff's causes of action – claims 1, 2, 4, and 5 – allege trademark infringement or unfair competition. (Doc. # 1). To succeed on these claims, Plaintiff must establish that (1) it has a protectable interest in a trademark; (2) Defendants have used that mark or a similar mark in commerce; and (3) Defendants have confused consumers by using the mark. *Derma Pen, LLC v. 4EverYoung Ltd.*, 773 F.3d 1117, 1120 (10th Cir. 2014). Accepting the well-pled allegations in the Complaint as true, the

Court finds that the allegations support entry of default judgment against Defendant on Plaintiff's trademark infringement and unfair competition claims.

Plaintiff has alleged that it has registered various PopSockets trademarks and uses those marks to market and sell PopSockets products. (Doc. # 1, ¶¶ 14-21). Plaintiff also alleges that Defendant have used its marks in commerce to sell products through their Amazon.com storefront. (Doc. # 1, ¶¶ 150-55). Plaintiffs also allege that Defendants have confused consumers by using the PopSockets marks, and Plaintiff has provided examples of specific instances of consumer confusion. (Doc. # 1, ¶¶ 40-71, 123-47, 180). Thus, Plaintiff has established that it is entitled to default judgment on trademark infringement and unfair competition claims.

  ii.   *False Advertising*

Plaintiff's third cause of action asserts a claim for false advertising. (Doc. # 1, ¶¶ 261-74). To state a claim for false advertising, a plaintiff must show: (1) defendant made a materially false or misleading representation of fact; (2) in connection with commercial advertising or promotion; (3) in commerce; (4) such representation misrepresents the nature of the plaintiffs' services or commercial activities; and (5) the plaintiffs have been or are likely to be injured as a result. 15 U.S.C. § 1125(a)(1)(B); *Wilson v. AdvisorLaw LLC*, 2018 WL 4932088, at *3 (D. Colo. Oct. 10, 2018).

Accepting the well-pled allegations in the Complaint as true, the Court finds that the allegations support entry of default judgment against Defendant on Plaintiff's false advertising claim. Plaintiff alleges that Defendants made materially false or misleading representations in commerce in connection with commercial advertising: Defendants

7

represented on their Amazon.com storefront that the products they sold were covered by the PopSockets warranty, when, in fact, they were not. (Doc. # 1, ¶¶ 184-191). Plaintiffs have also alleged that these representations misstated the nature of Plaintiff's services (Doc. # 1, ¶¶ 117-18, 184-85), and that these misrepresentations have harmed Plaintiff (Doc. # 1, ¶¶ 212-215, 271). Thus, Plaintiff has established that it is entitled to default judgment on its false advertising claim.

        iii.    *Deceptive Trade Practices*

Plaintiff's sixth cause of action asserts a claim for deceptive trade practices under the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6–1–105. (Doc. # 1, ¶¶ 321-44). To state a claim under the CCPA, a plaintiff must plead facts sufficient to show that: (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury. *Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 155 (Colo.2007). Plaintiff has carried its burden with respect to this claim. Plaintiff has alleged that Defendants engaged in a deceptive trade practice in the course of their business by falsely representing to consumers that the products Defendants sold came with a warranty. (Doc. # 1, ¶¶ 188-91). Plaintiff has also alleged that these misrepresentations significantly impacted the public, who purchased Defendants' products in reliance on those misrepresentations. (Doc. # 1, ¶ 187). Further, Plaintiff has alleged that

Defendants' conduct has caused injury to Plaintiffs, including loss of business and reputational damage. (Doc. # 1, ¶¶ 342-43). Plaintiff has, therefore, established that it is entitled to default judgment on this claim.

    iv. *Tortious Interference*

   Plaintiff's seventh claim for relief alleges tortious interference with business relations. (Doc. # 1, ¶¶ 345-60). To state a claim of tortious interference, the plaintiff must show: (1) the existence of a valid contract; (2) defendant knew of the contract; (3) defendant intended to induce a breach; (4) defendant engaged in conduct that produced a breach; (5) the interference with the contract was improper; and (6) plaintiff suffered damages as a result. *Zimmer Spine, Inc. v. EBI, LLC*, 2011 WL 4089535, at *2 (D. Colo. Sept. 14, 2011).

   Plaintiff has alleged that it has agreements in place with its authorized sellers that prohibit the sellers from selling PopSockets products to third-party resellers (Doc. # 1, ¶¶ 78-80, 206); that Defendants knew of these agreements (Doc. # 1, ¶¶ 207-09); that Defendants intended to and in fact did improperly induce a breach of these agreements by purchasing PopSockets products from authorized sellers for the purpose of reselling them and then misleading consumers as to the source of the products (Doc. # 210-11, 352-55); and that Plaintiff has been damaged as described above. (Doc. # 1, ¶¶ 212-15; 358-59). Plaintiff has thus met its default-judgment burden with respect to this cause of action.

3.    <u>Damages</u>

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). This requirement helps ensure that plaintiffs who obtain default judgments do not receive more in damages than is supported by actual proof. *Id*. at 773 n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Id.* (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008)); *Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

The damages in this case are capable of mathematical calculation. Plaintiff requests that Defendants be required to disgorge their profits from sales of infringing products between December 1, 2018 until July 7, 2020. (Doc. # 13, p. 15). This remedy is available in trademark-infringement cases. 15 U.S.C. § 1117(a); *W. Diversified Servs. v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005) (award of profits is proper as means to deter willful infringement); *Bishop v. Equinox Int'l Corp.*, 154 F.3d

1220, 1223 (10th Cir. 1998). Plaintiff has presented evidence that Defendants obtained $89,952.26 in profits from the sale of infringing products during the relevant time period. (Doc. # 13-4). This is sufficient to establish the amount of damages, and the Court finds that entering judgment against Defendant in the total amount of $89,952.26 is warranted.

    4.    <u>Injunctive Relief</u>

    Under the Lanham Act, the court has the authority to grant injunctive and other equitable relief to prevent further violations of a plaintiff's trademark rights. 15 U.S.C. § 1116. *See also John Allan Co. v. Craig Allen Co. L.L.C.*, 540 F.3d 1133, 1142 (10th Cir.2008) (a court "has the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent ... a violation [of the Act]"). "[D]istrict courts should apply traditional equitable principles in deciding whether to grant permanent injunctive relief, and the decision is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Chanel Inc. v. Yang, No. C* 12–4428 PJH, 2013 WL 5755217, at \*11 (N.D.Cal. Oct. 21, 2013) (internal quotation marks and citations omitted).

    "In determining whether to issue a . . . permanent injunction, a court must consider whether the movant has established: (1) success on the merits; (2) irreparable injury if the injunction does not issue; (3) the threatened injury to it outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction will not be adverse to the public interest." *Morrison & Foerster, LLP v. Wick*, 94 F.Supp.2d at 1129 (citations omitted). *See also K–TEC v. Vita–Mix*, 765 F.Supp.2d

1304, 1317 (D.Utah 2011) ("The court should grant injunctive relief if a plaintiff shows that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, the balance favors the plaintiff and an equitable remedy is warranted; and (4) the public interest would not be disserved by a permanent injunction.").

Here, all the elements for injunctive relief are satisfied and equitable principles weigh in favor of an injunction. As explained above, Plaintiff has demonstrated that it is likely to succeed on the merits of this case; that it will suffer irreparable injury to its brand if the injunction does not issue; that the threatened injury to Plaintiff outweighs whatever damage the injunction may cause Defendants; and that the injunction is not averse to the public interest.

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff's Motion Default Judgment (Doc. # 13) is hereby GRANTED;

- Plaintiff is awarded $89,952.26 in damages;

- the Clerk of Court is DIRECTED to enter final judgment in favor of Plaintiff and against Defendants in the total amount of $89,952.26;

- Defendants are ENJOINED from:

    o Advertising or selling any PopSockets prodcuts or any products bearing the PopSockets Trademarks through any medium, including all internet and non-internet channels;

- o Using any PopSockets trademarks in any manner, including advertising on the internet;

- o Importing, exporting, manufacturing, producing, distributing circulating, selling, offering to sell, advertising, promoting, or displaying any and all PopSockets products as well as any products bearing any of the PopSockets trademarks;

- o disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the PopSockets trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks.

- Defendants are ORDERED to remove any reference to any PopSockets products or any PopSockets trademarks from their websites and online storefronts.

- The claims against John Does 1-10 are dismissed with prejudice.

- This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion.

The Clerk of Court is directed to close this case.


DATED:  November 4, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge